IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUSSEL C. AGUILERA,

      Plaintiff,

v.                                                                                                    No. CV 09-1032 LH/ACT

MTC, OTERO PROCESSING CENTER,
WARDENS TERRY & FRAWNER,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated as an alien detainee, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed with leave to amend.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint names two wardens of an Immigration and Customs Enforcement processing facility as Defendants. Plaintiff asserts two claims, one based on allegations that Plaintiff was illegally strip-searched and the other, apparently, for dietary deprivations. The complaint seeks damages.

No relief is available on Plaintiff's claims against Defendants. The complaint contains no allegation of either Defendant's personal involvement in the events giving rise to Plaintiff's claims, and thus fails to affirmatively link them to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a government official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* Nor does Plaintiff state a claim against Defendant Frawner for allegedly failing to intervene to correct the alleged violations. *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). (noting that administrative officials "can [not] be considered deliberately indifferent simply because they failed to respond directly to the . . . complaints of a prisoner"). Plaintiff's claims against the named Defendants will be dismissed, with leave to amend and assert claims against parties who were personally involved in the alleged violations.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED, and within thirty (30) days from entry of this order, Plaintiff may file an amended complaint asserting claims against parties who were personally involved in the alleged violations.

_____
SENIOR UNITED STATES DISTRICT JUDGE